IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORY D. HEREFORD,

                                 Petitioner,                    OPINION AND ORDER

    v.

                                                           24-cv-750-wmc

UNITED STATES OF AMERICA,                 19-cr-87-wmc-1

                                Respondent.

---

Petitioner Cory Hereford is a federal prisoner who seeks postconviction relief under 28 U.S.C. § 2255 following his 2022 conviction in this court on four felony counts of sex trafficking of a minor and one count of maintaining a drug-involved premises, for which he was sentenced to a total prison term of 240 months to be followed by a 20-year term of supervised release.  (Case No. 19-cr-87, dkt. #333.)  He contends that his conviction is invalid because some of the statutes under which he was charged are unconstitutional, there was no probable cause for his arrest and he was not provided with an evidentiary hearing on this issue, his trial counsel was ineffective for numerous reasons, the prosecutors knowingly allowed false testimony from several witnesses, the evidence against him was insufficient to support his conviction, and the court failed to instruct the jury properly and incorrectly calculated his sentence credits.  (Case No. 24-cv-750, dkt. #1.)  However, Hereford's motion is untimely.

A one-year limitations period applies to § 2255 motions.  28 U.S.C. § 2255(f).  As relevant here, the one-year period runs from "the date on which the judgment of conviction becomes final."  *Id*. § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005) (noting that "the operative date from which the limitation period is measured" is usually the date in § 2255(f)(1)); *Clay v. United States*, 537 U.S. 522, 525 (2003) (same).  Hereford's

judgment and commitment were entered on the docket on September 30, 2022, and Hereford timely appealed 10 days later. (Case No. 19-cr-87, dkt. ##333 and 335.) However, Hereford's judgment of conviction became final when Hereford dismissed his appeal on March 14, 2023. (*Id*., dkt. #347.) Therefore, his statute of limitations period under 28 U.S.C. § 2255(f)(1) expired one year later, on March 14, 2024. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Because Hereford did not file his § 2255 motion in this court until October 25, 2024, it is more than two years late.

Nonetheless, Hereford may be able to overcome the time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, Hereford could argue for an exception to untimeliness based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). To establish a claim of actual innocence, Hereford "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 569 U.S. at 399. And the standard for equitable tolling is high, requiring him to show that (1) he's been diligently pursuing his rights, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Nothing in Hereford's petition suggests that he would succeed on an actual innocence claim. However, with respect to equitable tolling, Hereford explains in a letter he submitted along with his petition that after he dismissed his direct appeal, his appellate counsel incorrectly informed him to file his § 2255 motion in the Eastern District of Wisconsin, which he did on June 16, 2023. (Case No. 24-cv-740, dkt. #2; E.D. Wis. Case No. 23-cv-797, dkt. #1.) The

Eastern District denied that motion without prejudice on June 20, 2023, because petitioner was not convicted in the Eastern District. (E.D. Wis. Case No. 23-cv-797, dkt. #2.) While Hereford says that he placed a new petition addressed to this court in the inmate mail system at the Federal Correctional Institution in Leavenworth, Kansas in early July 2023, which was shortly before he was transferred to FCI Ray Brook, this court never received it. Hereford further claims that he had his brother call the clerk's office in this court "several times over the course of a one-year period," only to be told to be patient, but the clerk's office only has a record of one call from Hereford's brother on September 17, 2024, six months *after* the expiration of Hereford's statute of limitations period. (Case No. 24-740, dkt. #2, at 3.) Although Hereford suggests that telephone records will support his contention that he diligently pursued his rights, he has not yet presented any such evidence to the court. Accordingly, the court will give Hereford a short time to respond to this order and show that he qualifies for equitable tolling or that he is actually innocent.

## ORDER

IT IS ORDERED that petitioner Cory Hereford may have until June 8, 2026, to respond to this order and explain why his § 2255 motion should not be dismissed as untimely. If he does not respond by the deadline, the court will dismiss the motion as untimely or dismiss the case for failure to prosecute or failure to comply with a court order.

Entered this 18th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3